OK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN DEXTER BROOKS,

Plaintiff, No. CIV S-06-0381 LKK PAN P

vs.

D.L. RUNNELS, Warden,

Defendant. FINDINGS & RECOMMENDATIONS

_______________________________/

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On February 23, 2006, plaintiff filed a motion for preliminary injunction. Plaintiff alleges deliberate indifference to serious medical needs and need for exercise, proper sanitation and ventilation. Plaintiff is confined with a cellmate in a cell designed for one inmate. In his complaint, plaintiff seeks injunctive relief requiring he be housed in a single cell and asks for money damages.

On February 23, 2006, plaintiff filed a motion for preliminary injunction. Plaintiff seeks an order enjoining the defendant from double-celling plaintiff due to his medical history, frequent lockdowns and the prison's new flush valve water conservation plan. The court will first address plaintiff's request for preliminary injunctive relief.

The legal principles applicable to a request for preliminary injunctive relief are well established. "The traditional equitable criteria for granting preliminary injunctive relief are (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff

if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." Dollar Rent A Car v. Travelers Indem. Co., 774 F.2d 1371, 1374 (9th Cir. 1985). The criteria are traditionally treated as alternative tests. "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates 'either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.'" Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984) (quoting William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 526 F.2d 86, 88 (9th Cir. 1975)). The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting Martin, 740 F.2d at 675).

A prisoner has no protected liberty interest in remaining in a particular prison or facility within a prison, even though a transfer entails the imposition of more disagreeable conditions of confinement. Rizzo v. Dawson, 778 F.2d 527, 530-31 (9th Cir. 1985) (citing Meachum v. Fano, supra, 427 U.S. at 224-25; Olim v. Wakinekona, 461 U.S. 238, 245 (1982)).

Double celling in and of itself is not unconstitutional. Rhodes v. Chapman, 452 U.S. 337, 347-48 (1981); Toussaint v. Yockey, 722 F.2d 1490, 1492 (9th Cir.1984). Although an eighth amendment violation may not be predicated on a totality of conditions at prison, those conditions may provide a useful context for evaluating the severity of overcrowding. See Hoptowit, 682 F.2d at 1246-47.

The denial of an opportunity for regular outdoor exercise violates the eighth amendment. Hoptowit v. Ray, 682 F.2d 1237, 1259 (9th Cir.1982); Spain v. Procunier, 600 F.2d

189, 199 (9th Cir.1979) (confinement of prisoners with almost total absence of outdoor exercise was cruel and unusual punishment). Such recreation, however, can be temporarily denied when prison conditions warrant. Hoptowit, 682 F.2d at 1258. A short-term denial of exercise based on security reasons does not violate the eighth amendment. Hayward v. Procunier, 629 f.2d 599, 603 (9th Cir.1980), cert. denied, 451 U.S. 937 (1981).

Inadequate "ventilation and air flow" violates the Eighth Amendment if it "undermines the health of inmates and the sanitation of the penitentiary." Hoptowit v. Spellman, 753 F.2d 779, 784 (9th Cir.1985).

While plaintiff's civil rights may have been violated by his cell confinement for 18 months without any outdoor exercise, plaintiff concedes that he is currently receiving outdoor exercise two days a week due to a control yard movement program. (Motion at 7.) Thus, the court finds it inappropriate to grant plaintiff injunctive relief prior to an adjudication of the merits herein. However, this denial will be without prejudice should plaintiff again be deprived of his twice a week outdoor exercise.

Plaintiff has also failed to demonstrate irreparable injury. Plaintiff states the double celling and two flush system subjects him to ventilation issues which negatively impact his chronic asthma. However, plaintiff states he has an inhaler which he uses every day. Plaintiff does not allege that the inhaler is ineffective in dealing with the transient problem of toilets being prevented from being flushed for a period of time.

Finally, plaintiff cannot demonstrate success on the merits on this record at this time because plaintiff concedes he has failed to exhaust administrative remedies prior to suit, as required by 42 U.S.C. § 1997e(a).

"Section 1997e(a) of Title 42 of the United States Code provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

/////

This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001)." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see also Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion must precede the filing of the complaint and that compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. McKinney, 311 F.3d at 1199.

> California's Department of Corrections provides a four-step grievance process for prisoners who seek review of an administrative decision or perceived mistreatment. Within fifteen working days of "the event or decision being appealed," the inmate must ordinarily file an "informal" appeal, through which "the appellant and staff involved in the action or decision attempt to resolve the grievance informally." Cal.Code Regs., tit. 15, §§ 3084.5(a), 3084.6(c). [Footnote omitted.] If the issue is not resolved during the informal appeal, the grievant next proceeds to the first formal appeal level, usually conducted by the prison's Appeals Coordinator. Id. §§ 3084.5(b), 3084.6(c). Next are the second level, providing review by the institution's head or a regional parole administrator, and the third level, in which review is conducted by a designee of the Director of the Department of Corrections. [Footnote omitted.] Id. § 3084.5(e)(1)-(2).

Brown v. Valoff, at 929-30.

Here, plaintiff has not obtained a Director's Level review of his grievance. "Plaintiff is in the process of exhausting all available administrative remedies." (Complaint at 2.) Thus, while plaintiff may have a cognizable claim, he may not file a civil rights action in federal court concerning that claim until he has exhausted his administrative remedies.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's February 23, 2006 motion for preliminary injunction be denied without prejudice; and

2. Plaintiff's complaint be dismissed without prejudice for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 10, 2006.

UNITED STATES MAGISTRATE JUDGE

/001; broo0381.fte